UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROSE MULLET,** | ) | CASE NO. 1:13 CV 2695 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **COLORMATRIX,** | ) | |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J.:

*Pro se* Plaintiff Rose Mullet filed this action under Title VII, 42 U.S.C. § 2000e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Plaintiff's Complaint is formatted as a letter to the Court and does not list a Defendant. She indicates in the body of her Complaint that she was employed by Colormatrix and she claims her employer violated her rights under Title VII and the ADA. The Court liberally construes her claims as asserted against Colormatrix. She does not indicate the relief she seeks in this action.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## I.  BACKGROUND

Plaintiff's Complaint contains few factual allegations.  She indicates she was employed by Colormatrix in 2011.  She states she was injured at work but she does not indicate the type of injury she sustained or the date she sustained the injury.  She alleges she suffered physical and mental impairments which left her disabled.  She claimed she had been tardy to work in the past due her disability but had not suffered consequences as a result of her violation of the rules.  She does not indicate how often she arrived late to work.  She alleges however, that after her employer became aware that she was injured at work, they began to enforce the requirement that she report to work on time.  Plaintiff states she received written warnings for tardiness in September 2011.  She asserts her employer did not make her aware that she could ask for an accommodation "to allow what was accepted to continue to be accepted."  (ECF No. 1 at 3). She does not explain how her disability affected her ability to arrive at work on time.  She contends her employment was terminated in October 2011 but she does not provide the stated reason for her dismissal.  Plaintiff claims she was awarded social security disability benefits after her employment was terminated.

## II.  LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Title VII**

As an initial matter, Plaintiff fails to state a claim for relief under Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex,

or national origin." 42 U.S.C. § 2000e–2(a). Title VII does not cover disability discrimination claims. *Clark v. City of Dublin, Ohio*, No. 05-3186, 2006 WL 1133577 at *2 (6th Cir. Apr. 27, 2006). In this case, Plaintiff alleges the Defendant treated her unfairly when they discovered her injury was incurred in the course of her employment. Plaintiff does not claim she is a member of a protected group under Title VII, nor does she allege Colormatrix discriminated against her because she is a member of a protected class. To the extent she is bringing this action under Title VII, she fails to state a claim upon which relief can be granted.

**Americans with Disabilities Act ("ADA")**

Plaintiff also fails to state a claim for relief under the ADA. Under the ADA, "employers are prohibited from discriminating against a qualified individual with a disability because of his or her disability in employment matters, such as hiring, advancement, and discharge." *Regan v. Faurecia Auto Seating, Inc.*, 679 F.3d 475, 479 (6th Cir. 2012). A "qualified individual with a disability" is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" 42 U.S.C. § 12111(8). Both "disability" and "qualified individual" require further definition. Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). "Major life activities" include, among others, "walking," "lifting," and "bending." 42 U.S.C. § 12102(2)(A). An individual is "otherwise qualified" for a position when that individual "can perform the essential functions[,]" or "fundamental job duties" of the position. 42 U.S.C. § 12111(8); *Johnson v. Cleveland City School Dist.*, No. 10-3267, 2011 WL 5526465, at *8 (6th Cir. Nov. 15, 2011); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 456 (6th Cir. 2004).

Plaintiff alleges two instances of discrimination in violation of the ADA: (1) the failure to accommodate and (2) termination.

### 1. Failure to Accommodate

An employer discriminates against an otherwise qualified individual on the basis of a disability when they do not make "reasonable accommodations to the known physical or mental limitations" of the individual unless the employer can demonstrate that the accommodation would "impose an undue hardship on the operation" of its business. 42 U.S.C. § 12112(b)(5)(A). A failure to accommodate claim "unavoidably 'involve[s] direct evidence (the failure to accommodate) of discrimination' because the employer necessarily relied on the worker's disability in making decisions." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868-69 (6th Cir. 2007). Plaintiff therefore bears the burden of showing that she "(1) has a disability, and (2) is otherwise qualified for the position, either (a) without accommodation from the employer; (b) with an alleged essential job requirement eliminated; or (c) with a proposed reasonable accommodation." *Id.* at 869.

Plaintiff must establish that she "requested and was denied" a reasonable accommodation. *Burns v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247, 258-59 (6th Cir. 2000). Plaintiff's burden includes showing both that Plaintiff proposed an accommodation and that the proposed accommodation was reasonable. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010) (citation omitted). The employer has no duty to provide a reasonable accommodation until Plaintiff requests one. *Breitfelder v. Leis*, No. 04-4364, 2005 WL 2470996, at *6 (6th Cir. Oct. 7, 2005)(no failure to accommodate when Plaintiff remained silent). To properly request a reasonable accommodation, Plaintiff need not use any "magic

words," like accommodation, disability, or ADA. *Smith v. Henderson*, 376 F.3d 529, 535 (6th Cir.2004)). Plaintiff must, however, tie the request, in context, to her existing medical restrictions. *Id*.

Reasonable accommodations include "making existing facilities ... readily accessible to and usable by individuals with disabilities;" and "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations[ .]" 42 U.S.C. § 12111(9). "In determining whether an accommodation is reasonable, the employer must consider (1) the particular job involved, its purpose, and its essential functions; (2) the employee's limitations and how those limitations can be overcome; (3) the effectiveness an accommodation would have in enabling the individual to perform the job; and (4) the preference of the employee." *Keever v. City of Middletown*, 145 F.3d 809, 812 (6th Cir. 1998) (citing 29 C.F.R. § 1630.9(a), appendix). An employer does not fail to provide a reasonable accommodation, however, when there is more than one accommodation, and the employer chooses "[a] less expensive accommodation[,][an] accommodation that is easier to provide [,]" *Hankins v. The Gap, Inc.*, 84 F.3d 797, 800 (6th Cir. 1996), or an accommodation other than the accommodation that the employee prefers. *Trepka v. Bd. of Educ.*, No. 00–4063, 2002 WL 104801, at *3 (6th Cir. Jan. 24, 2002).

In this case, Plaintiff's claim fails at the outset because she provides no information about her disability. She states only that she "became disabled [due] to physical and mental impairments that are deemed permanent by my doctor." (ECF No. 1 at 2). While Plaintiff is not

required at this stage to establish to a legal certainty that she is disabled under the ADA, she must allege enough facts to allow the Court to draw the reasonable inference that she is disabled. *Iqbal*, 556 U.S. at 678. Where, however, "the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.*; FED. R. CIV. P. 8(a)(2). Determining whether a Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Plaintiff's broad and all-encompassing allegation that she suffers from physical and mental impairments does not cross the threshold from a claim that is possible to a claim that is plausible under the ADA.

Furthermore, Plaintiff does not suggest she asked her employer for a reasonable accommodation and was refused. She states that she was tardy to work in the past, but her employer did not discipline her for tardiness until September 2011 when she began to receive written warnings for arriving late to work. She contends her employer did not make her aware that she could ask for accommodations from a doctor "to allow what was accepted to continue to be accepted." Plaintiff does not elaborate on the nature of her injuries or her claimed disability, does not indicate whether she has any medical restrictions with respect to her work responsibilities, nor does she clarify how being tardy for work would accommodate any medical restrictions she may have. In addition, Plaintiff does not allege that she asked for accommodations from her employer. Instead, she claims her employer did not tell her that she could request restrictions from her doctor for which tardiness would be a reasonable accommodation. Plaintiff's claim for denial of an accommodation is not supported by enough

facts to suggest she may have a plausible claim.

### 2. Discriminatory Discharge

For similar reasons, Plaintiff fails to state a claim for discriminatory termination of employment. To establish discriminatory discharge, the ADA requires the Plaintiff to show: (1) that she is disabled; (2) that she is qualified and able to perform the essential functions of the job; and (3) that the employer took an adverse action or termination against her because of her disability. *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012) (en banc). To meet the third requirement, Plaintiff must establish that her disability was a but-for cause of the adverse action. *Id.*

Again, while Plaintiff need not prove her *prima facie* case in her Complaint, she is still obligated to allege facts from which an inference can be drawn that all the material elements of her claim can be proven. The Complaint falls well short of meeting those pleading standards. As stated above, she does not provide sufficient facts to suggest she has a disability under the ADA. Moreover, even if the Court were able to draw that inference based on the vague description of physical and mental impairments provided in the Complaint, Plaintiff gives no indication of the type of job she performed, no suggestion that she was able to perform the essential functions of that job after her injury, or that she was terminated because of her disability. In fact, Plaintiff does not state why she was terminated. She infers that she was fired for excessive tardiness. Nevertheless, she indicates her employer did not object to her tardiness, even after she was injured. She states that Colormatrix tightened its enforcement of timeliness rules when it learned her injury was work-related. Absent factual allegations elaborating on the injury or injuries she sustained, or her termination from her employment, Plaintiff has not stated

sufficient facts to suggest that she would not have been terminated from her employment but for her disability.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                s/ Christopher A. Boyko
                CHRISTOPHER A. BOYKO
                UNITED STATES DISTRICT JUDGE

DATED: May 6, 2014

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.